## COLEY v. PIERCE.
### Civ. A. No. 3611.

District Court of the United States for the District of Columbia.

Dec. 13, 1939.

Nathan A. Dobbins, of Washington, D. C., for plaintiff.

Cobb, Howard & Hayes and George E. C. Hayes, all of Washington, D. C., for defendant.

PROCTOR, Associate Justice.

■ ■ 1st. As to motion to strike defendant's answer to plaintiff's answer to counterclaim, the counterclaim contains certain averments upon which the claims are made that the Hollywood Tavern & Grill and premises 2718 Georgia Avenue should be adjudged to be assets of the partnership and based thereon an extension of the receivership to the business conducted as the tavern and grill is asked. The answer to this pleading contains denials and assertions of fact which raise definite issues as to said claims concerning both properties. The pleadings should go no further on the counterclaim without leave of court. Federal Rules of Civil Procedure for District Courts, rule 7(a), 28 U.S.C.A. following section 723c. Nevertheless, plaintiff has filed an answer to defendant's answer to the counterclaim. In substance, this paper but reiterates the allegations of the counterclaim and then goes on to set forth evidence and arguments in support of the counterclaim. Serious objections are manifest to this method and form of pleading, which doubtless account for the rule. I do not think it should be approved in this instance. Accordingly the motion to strike will be granted.

■ 2nd. As to the motion of plaintiff to extend the receivership to include the Hollywood Tavern & Grill, in my opinion the record upon that subject does not warrant the appointment of a receiver. Vital facts are in dispute and a long period has elapsed since the establishment of that business. Until the evidence is heard and findings made, proper conclusions of law cannot be drawn. There is indeed too much uncertainty at present to justify the drastic action of receivership. Nor do I think that the evidence pleaded in the stricken answer would suffice to change the situation as regards a receiver. The motion to extend the receivership will be denied.